**FILED**

2004 MAR 26  A 9: 28

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY ANAMASI | : 3:98CV01026(SRU) |
|  | : 00 |
| Plaintiff, | : |
|  | : |
| V. | : |
|  | : |
| LANCE COUGHLIN & THE | : |
| TOWN OF EAST HAVEN | : |
|  | : |
| Defendants. | : March 25, 2004 |

## SUPPLEMENTAL MOTION TO BIFURCATE

The defendants, Officer Lance Coughlin[1] and Town of East Haven, respectfully submit this supplemental memorandum in support of their Motion to Bifurcate, dated July 11, 2003. The reasons set forth in the defendants' memorandum of July 11, 2003 clearly demonstrate that the <u>Monell</u> claim in the instant case should be bifurcated from the claims made against Lance Coughlin. There are, however, additional, compelling grounds upon which the defendants' motion should be granted.

---

[1] Since the filing of this lawsuit, Lance Coughlin has retired from the East Haven police Department. Nonetheless, he will be referred to herein as "Officer Coughlin."

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\ANAMASI\SUPPLEMENTAL MOTION TO BIFURCATE.DOC

### I. Plaintiff Has Disclosed No Monell Witnesses

The plaintiff's Monell claim is set forth in Count Two of his Second Revised Amended Complaint. Plaintiff claims that the actions of the Town of East Haven, as enumerated in that count, "constitute a failure to adequately train, supervise, discipline, screen and hire members of the East Haven Police Department." Compl., Ct. Two, ¶ 29. The defendants submit that it would be particularly prejudicial to allow the plaintiff to attempt to introduce evidence under the cloak of a Monell theory when presenting his case against Officer Coughlin because no Monell witnesses have been disclosed by the plaintiff. The only witnesses disclosed by the plaintiff in his Trial Memorandum, dated June 5, 2002, are: the plaintiff, Officer Coughlin, Mark Kasper,[2] Frank Antollino, Alex Krampovitis, Fritz Schulick, and the custodian of records for the East Haven and Ansonia Police Departments to "identify records of defendant Coughlin," and the custodian of records for Yale-New Haven Hospital, to "identify records concerning the plaintiff." Even if the jury were to credit the testimony of every single one of those witnesses, the plaintiff still could not establish Monell liability. Plaintiff's witness disclosure makes clear that, other than Officer Coughlin, none of the witnesses will testify as to the Monell issues.

---

[2] During a telephone conference with the court on July 31, 2003, counsel for the plaintiff advised that Dr Mark Kasper and Attorney Frank Antollino would not testify at trial. Simultaneous with the filing of this motion, defendants have moved to preclude those witnesses. Dr. Kasper is identified as plaintiff's treating physician and Frank Antollino as his attorney. Messrs.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\ANAMASI\SUPPLEMENTAL MOTION TO BIFURCATE.DOC

## II. **Plaintiff Cannot Establish An Unconstitutional Policy or Custom Or A Causal Connection**

To establish liability on the part of a municipality pursuant to Title 42 U.S.C. § 1983, "the plaintiff must identify a municipal 'policy' or 'custom' that caused the injury." Board of Commr's of Bryant County v. Brown, 520 U.S. 397 (1997). "A 'policy' giving rise to liability cannot be established merely by identifying a policymaker's conduct that is properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the moving force behind the injury alleged." Id. (emphasis in original). "In enacting § 1983, Congress did not intend to impose liability on a municipality *unless deliberate action attributable to the municipality itself was the moving force behind the plaintiff's deprivation of federal rights.*" Id. (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694 (1978) (emphasis added). "A municipality may not be held liable solely because it employs a tortfeasor." Monell, 436 U.S. at 689. Thus, the plaintiff is required to prove, first, that a policymaking official had notice of an unconstitutional custom and, second, because of the municipality's deliberate conduct, that unconstitutional custom was the moving force behind any injuries suffered by the plaintiff. Brown, *supra*. In other words, it is not enough merely for the plaintiff to prove an injury on the one hand and an unconstitutional custom on the other. Rather

---

Krampovitis and Shulick are friends of the plaintiff who were with him when he was arrested by Officer Coughlin.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

the critical element of a <u>Monell</u> claim is the causal connection between the two. The rigorous standard of proof required under <u>Monell</u> must be upheld to avoid allowing "municipal liability [to] collapse into respondeat superior liability." <u>Board of County Commissioners of Bryan County v. Brown</u>, 117 S.Ct. 1382, 187 (1997).

The only witness disclosed by the plaintiff who may offer any testimony whatsoever about the East Haven Police Department is the defendant, Officer Coughlin. Officer Coughlin is not and has never been a policymaker of the Town, nor has he ever held any position within the Town that would allow him to speak to the creation or maintenance of Town policies. Without testimony concerning the Town's policies or customs, plaintiff cannot even begin to establish <u>Monell</u> liability. This, alone, is sufficient to defeat plaintiff's claim.

Further, liability cannot attach against the Town even if plaintiff were to prove all of the allegations in his complaint,[3] as even evidence of the plaintiff's own arrest and evidence that the Town failed to discipline Officer Coughlin for prior use of excessive force, is insufficient to prove the existence of a municipal policy. <u>Turpin v. Mailet</u>, 619 F.2d 196 (2d Cir) <u>cert</u>. <u>denied</u>, 449 U.S. 1016 (1980)( there can be no demonstration of a policy condoning unconstitutional action by city employees where only evidence presented was plaintiff's own arrest and failure to discipline office for prior use of excessive force).

---

[3] Defendants, of course, vigorously deny those allegations.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\ANAMASI\SUPPLEMENTAL MOTION TO BIFURCATE.DOC

### III. Plaintiff Has No Evidence To Support A Claim of Inadequate Training

None of the witnesses identified by the plaintiff, nor the proposed exhibits, will suffice to prove the plaintiff's claim of inadequate training. In addressing a claim of inadequate training, the City of Canton Court set forth the test to be applied to determine Monell liability:

> In resolving the issue of a city's liability, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. ... Neither will it suffice to prove that an injury or accident could have been avoided if an officer had better or more training, sufficient to equip him to avoid the particular injury-causing conduct.

109 S. Ct. at 1205-06 (citations omitted). Plaintiff has identified no witnesses who can testify about the training provided to East Haven Police officers, other than Officer Coughlin. Thus, the best that plaintiff can do with the proposed witnesses and exhibits is show that Officer Coughlin was inadequately trained. Pursuant to the Canton test set forth above, however, even such a showing will not give rise to Monell liability.

Nor will evidence of a few, unrelated violent incidents give rise to a finding of inadequate training. The plaintiff is required to instead show "at least a pattern of similar incidents in which the citizens were injured." Ihsaan v. City of New Orleans, 200 WL 300915 (E.D. La. 2000)(citing Rodriguez v. Avita, 871 F.2d 552, 554-55 (5th Cir. 1989). Further, the "plaintiff

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\ANAMASI\SUPPLEMENTAL MOTION TO BIFURCATE.DOC

must show that the failure to train reflects a 'deliberate' or 'conscious' choice to endanger constitutional rights."

### IV. Conclusion

Plaintiff filed this lawsuit nearly four years ago. Extensive discovery was conducted by the defendants. At no time has the plaintiff provided any information or identified any witness or evidence in support of his Monell claim.[4] Accordingly, the plaintiff should not be permitted to introduce evidence under the guise of a Monell claim when presenting his case against Officer Coughlin. For the foregoing reasons and the reasons set forth in defendants' Motion to Bifurcate, that evidence would be highly prejudicial to Officer Coughlin and would confuse the issues. Accordingly, the defendants respectfully move the Court to bifurcate the plaintiff's Monell claim from the claims against former Officer Coughlin.

---

[4] Nor should the plaintiff be allowed to now identify new witnesses or evidence at this late date.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\ANAMASI\SUPPLEMENTAL MOTION TO BIFURCATE.DOC

THE DEFENDANTS,
TOWN OF EAST HAVEN
LANCE COUGHLIN

BY: _____
**Hugh F. Keefe, Esq.**
Fed. Bar No. ct05106
**Nicole M. Fournier, Esq.**
Fed. Bar No. ct18550
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612
Tel. No. (203) 787-0275

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on March 15, 2004 to all counsel and pro se parties of record as follows:

John R. Williams, Esq.
Williams & Pattis
51 Elm Street
New Haven, CT 06510

_____
Hugh F. Keefe, Esq.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.    ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275    FACSIMILE (203) 782-0278

W:\EAST HAVEN\ANAMASI\SUPPLEMENTAL MOTION TO BIFURCATE.DOC