UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| ANTHONY ANAMASI, | : | CIVIL ACTION NO. |
|  | : | 3:00CV01026(SRU) |
| Plaintiff, | : |  |
| vs. | : |  |
|  | : |  |
| LANCE COUGHLIN, | : |  |
|  | : | April 6, 2004 |
| Defendant. | : |  |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH SUBPOENA DUCES TECUM

Pursuant to Rule 45(c)(2) and (3) of the Federal Rules of Civil Procedure, non-party witness Connecticut Bar Examining Committee ("CBEC") hereby submits this memorandum of law in support of its motion to quash the subpoena duces tecum ("Subpoena") served upon it by plaintiff, Anthony Anamasi ("Plaintiff").[1] The Subpoena commands CBEC to appear in connection with the trial of this action and produce records concerning defendant Lance Coughlin's ("Defendant") application for admission to the Connecticut bar.

---

[1] A copy of the April 1, 2004 Subpoena is attached as Exhibit A.

The Subpoena should be quashed because it seeks documents concerning the adjudicative and judicial functions of the CBEC in connection with Defendant's application for admission to the bar. Such records are confidential pursuant to Practice Book Section 2-50, the long-standing practice of the CBEC and based on Connecticut Supreme Court precedent. Strict confidentiality of the CBEC's records and proceedings is vital to encouraging candor in the bar application process. Such confidentiality must be protected absent exceptional circumstances, which do not exist here. Accordingly, CBEC respectfully requests the Court quash the Subpoena in its entirety.

## I.    Background Facts

On or about May 12, 2003, Plaintiff served an initial discovery subpoena duces tecum upon CBEC seeking the identical documents it seeks in the most recent trial Subpoena.[2]  On or about May 22, 2003, Plaintiff moved to have such documents reviewed in camera. On or about June 10, 2003, CBEC opposed the motion and submitted the affidavit of R. David Stamm, Director of the Connecticut Bar Examining Committee, in support of its opposition papers.[3]  Since that time, CBEC has received no order from the court concerning the motion for in camera review and assumed during the interim that Plaintiff had abandon his request for such discovery.

---

[2] A copy of the initial discovery subpoena duces tecum is attached as Exhibit B.

[3] CBEC incorporates by reference its prior filings on this issue, including the affidavit of R. David Stamm in support of this motion to quash. An additional copy of Mr. Stamm's affidavit is attached as Exhibit C.

Upon information and belief, the parties in the action recently appeared at a pretrial conference during which counsel for both Plaintiff and Defendant were given an opportunity to present their respective positions to the court concerning the production of CBEC's confidential records. CBEC was not aware of such proceeding and was therefore not given an opportunity to be heard at that time (like the parties to the action were), concerning the production of CBEC's records. Shortly thereafter, on April 1, 2004, Plaintiff issued the Subpoena commanding CBEC to appear and produce (on five days notice including the weekend), records concerning the Connecticut bar application of Defendant. Specifically, the Subpoena seeks the following records concerning Defendant:

> A copy of the application for admittance to the Connecticut Bar and any supporting documents submitted in support of the application, a copy of the investigation or findings in connection with the application for admittance to the bar for Lance Coughlin.

For the reasons more fully set forth below, CBEC moves to quash the Subpoena on the grounds that the records of the CBEC are confidential and essentially immune from discovery absent exceptional circumstances, which do not exist in this action.

**II.   Argument**

A plain review of the Subpoena demonstrates that the records sought involve the confidential adjudicative and judicial functions of the Committee. Connecticut Practice Book Section 2-50 governs the confidentiality of the CBEC's records. That section provides, in relevant part, that:

> [t]he records and transcripts, if any, of hearings conducted by the state bar examining committee or the several standing committees on recommendations for admission to the bar **shall be available only to** such committee or to a judge of the superior court or to the statewide grievance committee or, with the consent of the applicant, to any person, unless otherwise ordered by the court.

In *Connecticut Bar Examining Committee, et al. v. Freedom of Information Commission*[4], the Connecticut Supreme Court discussed the confidential nature of the CBEC's records. In that case, the Freedom of Information Commission ("FOIC") sought to obtain information from the CBEC concerning a particular applicant who had failed the bar exam. *Id.* at 207. The FOIC sought the information pursuant to Connecticut General Statutes Section 1-18a (a), which allows the public to request and obtain records from any public agency, "but only in respect to its or their administrative functions." *See* Connecticut General Statutes Section 1-18a (a). CBEC opposed the FOIC's request and the FOIC moved to compel the records. The trial court denied the FOIC's request for records because it concluded that CBEC did not perform "administrative functions". *Id.* at 205-206.

On appeal, the Connecticut Supreme Court found that CBEC's principal function of determining whether an applicant is qualified for admission to the bar is "quite analogous to adjudication." *Id.* at 209. The court further found that this function involves the "exercise of considered judgment in establishing the criteria to be used for that determination…." *Id.*

---

[4] 209 Conn. 204, 550 A.2d 633 (1988).

Although the court was inclined to believe that CBEC engaged in some purely "administrative functions", information pertaining to which should be available to the public, the court stated that "[t]here is an obvious distinction between the functions of the committee in determining whether applicants have satisfied the requirements for admission to the practice of the law and in announcing the results of its deliberations." *Id*. at 210.   The court concluded that "the bar examining committee, as an arm of the court, is performing an essentially judicial function in deciding upon the qualifications of candidates for admission to the bar." *Id.* at 211.

The court remanded the case to the trial court for a determination concerning the impact upon CBEC of complying with the FOIC's request for disclosure and the reasonableness of CBEC's refusal with respect to the information sought. *Id.* at 211.  The court also indicated that to the extent that public access to any of the records requested by the FOIC to be disclosed may reasonably be considered by CBEC to "impede significantly its performance of its judicial function", CBEC would be justified in refusing such disclosure. *Id.* at 211; *citing Adams v. Rubinow*, 157 Conn. 150, 160-61 (1968).

*Connecticut Bar Examining Committee v. Freedom of Information Commission* established that CBEC has a right to withhold and refuse to disclose: (i)  **all** records that are not "in respect to its…administrative functions"; and (ii) any "administrative functions" records that the Committee reasonably determines "impede significantly its performance of its judicial function." *Id.* at 211.

Furthermore, in *Doe v. Connecticut Bar Examining Committee*,[5] the Connecticut Supreme Court once again reiterated its position concerning the confidential nature of CBEC's records and proceedings. In *Doe*, the court addressed whether the trial court improperly granted plaintiff John Doe's motion to proceed anonymously. *Id.* at 60. More specifically, the court framed the issue as "whether § 2-50 provides for a presumption of confidentiality throughout the judicial process, **as opposed to the proceedings before the defendant** [CBEC]". *Id.* at 61 (emphasis added). In determining the scope of confidentiality contemplated by Practice Book Section 2-50, the court acknowledged that "the language of § 2-50(a) is sufficiently broad so as to be susceptible of a meaning that it applies to judicial proceedings flowing from the proceedings of the defendant, as well as those proceedings themselves." *Id.* at 62.

The court ultimately concluded that Practice Book Section 2-50 should not be extended to allow an individual bar applicant to hide behind the cloak of anonymity in his own judicial action attacking the CBEC's decision on the merits of his own application. Notwithstanding this ruling, the court seemingly confirmed that the records and proceedings of the CBEC are confidential and should remain such absent a direct challenge to the CBEC's findings by the applicant personally. The court's acknowledgment concerning the confidential nature of the CBEC's proceedings was evident when the court stated that "[g]iven this interpretation of § 2-50, the question becomes, as a

---

[5] 263 Conn. 39, 818 A.2d 14 (2003).

matter of judicial policy, whether the **policy of confidentiality of proceedings before the defendant** [CBEC] should extend to actions challenging such proceedings." *Id.* at 64 (emphasis added).

The present case is clearly not an action challenging the decision of CBEC concerning the Defendant's bar admission.  Rather, Plaintiff seeks CBEC's confidential records for the limited purpose of impeaching the Defendant's credibility on a collateral issue during the trial of this matter.  Upon information and belief, Plaintiff seeks to impeach Defendant's credibility about certain information which Plaintiff speculates Defendant did not disclose in his bar application.  Such impeachment could also be effectively accomplished by cross-examining Defendant on the alleged issue with the actual records that include the information he was allegedly required to disclose to the CBEC.

The very limited impeachment value that Plaintiff will receive if CBEC's confidential records are disclosed is far outweighed by: (i) the clear policy of confidentiality established by Practice Book Section 2-50; (ii) the CBEC's overwhelming practice of strictly maintaining such information as confidential; and (iii) the likelihood that such impeachment could be accomplished by other means.

The information sought by the Plaintiff in the Subpoena no doubt involves the adjudicative and judicial functions of the CBEC.  Indeed, Plaintiff's requests herein are far more intrusive than the adjudicative records that were sought by the FOIC.  For example, the FOIC sought information

such as lists of the independent readers, graders and scorers for the bar exam, the standard grade deviations for certain parts of the exam, as well as average scores between certain parts of the exam. *Id.* at 207. All of these requests are related to the testing process, generally, rather than to the CBEC's judicial review of a particular applicant. Nevertheless, the court still remanded the case for a determination of whether this administrative function information should even be produced to the FOIC.

In stark contrast, Plaintiff has asked for the Defendant's actual bar application, as well as CBEC's investigations and findings related thereto. Such information and records quite clearly involve the confidential adjudicative and judicial functions of the CBEC and therefore should not be subject to disclosure, including through an in camera review by the court.

### III. Conclusion

Based on the foregoing, CBEC respectfully requests the court quash the Subpoena in its entirety. CBEC further objects to the court reviewing its confidential records in camera.

CONNECTICUT BAR EXAMINING COMMITTEE

By_____
   Richard P. Colbert (ct08721)
   Day, Berry & Howard LLP
   One Canterbury Green
   Stamford, CT  06901
   Telephone: (203) 977-7300
   Facsimile: (203) 977-7301
   Email: rpcolbert@dbh.com

## **CERTIFICATION**

      THIS IS TO CERTIFY that a copy of the foregoing was mailed on April 6, 2004, via facsimile and first-class mail, postage prepaid, to:

Norman A. Pattis, Esq.
51 Elm Street
Suite 409
New Haven, CT 06510

Dawne Westbrook, Esq.
51 Elm Street
Suite 409
New Haven, CT 06510

Hugh F. Keefe, Esq.
Lynch Traub Keefe & Errante PC
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506

Nicole M. Fournier, Esq.
Lynch Traub Keefe & Errante PC
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506

                                                                _____
                                                                 Richard P. Colbert