United States District Court
District of Connecticut
FILED AT    BRIDGEPORT

*April 13, 2004*

Roberto Borea, Clerk
*a. momz*
Deputy Clerk

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

ANTHONY ANAMASI,                    :

    Plaintiff,                    :

                           :

    v.                    :    CIVIL ACTION NO.
                           :    3:00cv1026(SRU)

LANCE COUGHLIN                    :

    Defendant.                    :

                           :

## JURY CHARGE

### INTRODUCTION

You have now heard all of the evidence in the case and the final arguments of counsel. This brings us to the stage in the trial where you will soon undertake your final function as jurors. First, however, it is my duty to instruct you concerning the law that applies to this case.

You must take the law as I give it to you. Regardless of any opinion you may have about what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the one I give you. If any attorney, witness, or exhibit states a legal principle differently than I do, it is my instructions that you must follow.

This is a long instruction, and I may repeat certain parts. That does not mean that those parts should be emphasized. You should not single out any one part of my instructions and ignore the rest. Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others. The order in which I give you instructions does not indicate

their relative importance.  Do not read into these instructions any suggestion from me about what verdict you should return-- that is a matter for you alone to decide.

I should also point out to you that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in court.

At the outset of this trial, I gave you some preliminary instructions that were intended to serve as an introduction to the trial and to orient you to the particular case under consideration. The instructions that I now will give are the final and complete instructions.  If you believe that what I tell you now is not consistent with the instructions I gave you at the start of the trial, you should disregard what I said in the preliminary instructions.  The instructions I am now giving you must guide your deliberations in this case.

## ROLE OF JURORS

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  In determining these issues, no one may invade your province or function as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.

In determining the facts, you are reminded that you took an oath to render judgment

- 2 -

impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law. All persons and parties stand equal before the law and are to be dealt with as equals in this, a court of justice. I know that you will do this and in that way reach a just and true verdict.

You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy or bias interfere with your clear thinking, there is a risk that you will not arrive at a fair and just verdict.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate, in this charge or at any time during the trial, any opinion as to the facts or as to what your verdict should be. The rulings I have made during the trial are not any indication of a view of what your decision should be about whether or not the plaintiff has proven his case.

You must dismiss from your mind completely any documents or testimony that has been excluded by the court, and you must refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between the court and counsel held out of your hearing.

I also instruct you to draw no inference from anything I said or did during trial.

You may also not draw any inference from the mere fact that the plaintiff has filed this lawsuit.

Ladies and gentlemen, you are the exclusive judges of the facts, and you are to perform the duty of finding the facts fairly, without bias or prejudice to either party.

- 3 -

ROLE OF ATTORNEYS

It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law.

All of those questions of law must be decided by the court. You should not show any prejudice against any attorney or any party because the attorney objected to the admissibility of evidence, or asked the court to rule on the law.

BURDEN OF PROOF

In a civil case such as this one, the plaintiff has the burden of proving each element of his claim. The plaintiff must prove each element by a preponderance of the evidence.

To prove a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. Therefore, a party must prove more than simple equality of evidence. If, after considering all of the evidence and testimony on a given issue, you find that both sides of the issue are equally probable, then the party with the burden of proof has failed to sustain his burden, and you must decide that issue against that party.

However, the party need prove no more than a preponderance. As I indicated, a preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether an element of a claim has been proved by a preponderance of the evidence, you may

consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. So long as you find that the scales tip, however slightly, in favor of a party who has the burden of proof on an element, then that element will have been proven by a preponderance of the evidence.

Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard of proof in a criminal trial. That standard does not apply to a civil case, such as this, and you should not consider it in this case.

Throughout these instructions to you, I may use the word "prove" from time to time, with reference to the burden of proof. I may also speak of your "finding" various facts about elements of the claims made in this case. You are to understand my use of the word "prove" to mean "prove by a preponderance of the evidence" even if I do not always repeat all of these exact words. Similarly, when I say that you must "find" a fact in order to return a verdict in favor of the plaintiff or defendants, you must find that fact to have been proven by a preponderance of the evidence even if I simply use the word "find."

WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence, as full exhibits, without regard to which side offered the witness or exhibit.

It is the witnesses' answers and not the lawyers' questions that are evidence. At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true,

and then asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question. Similarly, if an attorney described a witness's testimony, you should not necessarily accept that summary as the witness's testimony.  It is your recollection of the witness's testimony that controls.

The lawyers are not witnesses.  What the lawyers say in their closing arguments, in their objections, or in their questions is not evidence.  What they say in their closing arguments is intended to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from what a lawyer says, it is your recollection that controls.

Testimony that has been stricken or excluded by the court is also not evidence and may not be considered by you in rendering your verdict.  In certain instances evidence may have been admitted only for a particular purpose and not generally for all purposes.  For the limited purpose for which it has been received, you may give such evidence the weight you decide it deserves. You may not, however, use this evidence for any other purpose not specifically mentioned by the court.

Finally, anything you may have seen or heard when the court was not in session or outside this courtroom is not evidence.  You are to decide the case solely on the evidence received at trial.

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence.  One type of evidence is direct evidence.  Direct evidence is evidence presented by a witness who testifies to what he or she saw, heard or observed.  In other words, when a witness testifies about something he or she knows by virtue of his or her own senses, such as seeing, touching, or hearing, that is called direct evidence. Direct evidence may also be in the form of an exhibit where the fact to be proved is the existence or content of the exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  That is, circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  Let me give you another rain example.  Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that, because there are no windows in this courtroom, you could not look outside.  As you were sitting here, someone walked in with an umbrella that was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  On the combination of facts that I asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.  It is not the only conclusion you could reach, nor must you reach that conclusion, but you could do so reasonably and logically.  Circumstantial evidence is simply indirect evidence.  Based on your reason, experience, and common sense, you can find from one or more established facts — in my example, people with wet umbrellas — the existence

or non-existence of some other fact—that it has been raining.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all the evidence presented.

You may draw an inference based on circumstantial evidence only if it is reasonable and logical, not if it is speculative. You are allowed to draw logical inferences from facts that you find to have been proven; but you may not go outside of the evidence to find the facts, neither may you resort to guesswork or conjecture. Thus, in the rain example I used a moment ago, although you could infer from evidence of the wet umbrellas that it had rained, you could not also infer that there was a thunderstorm, without additional evidence. In other words, you must avoid resorting to speculation, conjecture or guesswork to determine critical facts in this case.


STIPULATIONS

During the trial, the attorneys' arguments, and these instructions, you will have heard references to "stipulations" or that some fact is "stipulated." A stipulation of fact is an agreement among the parties that a certain fact is true. Stipulations are evidence. The effect of a stipulation is to relieve the party with the burden of proving that fact from having to introduce evidence to prove it. Because the parties have agreed, you are to take such agreed facts as true for purposes of this case.

- 8 -

INFERENCES

In their arguments, the attorneys may ask you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess or speculation. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether those facts are proven by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist. It is a deduction or conclusion that you, the jury, are permitted to draw, but are not required to draw, from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. You are permitted to draw reasonable inferences from the facts that you find have been proven.

DETERMINING THE CREDIBILITY OF WITNESSES

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You and you alone are the judges of the

credibility of each witness, which testimony to believe and which not to believe, and the importance of a witness's testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? When you watched a witness testify, everything a witness said or did on the witness stand counts in your determination. What impression did the witness give you? How did the witness appear? What was his or her demeanor, that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says, but how he says it that makes us believe or disbelieve him.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party. You should consider the opportunity the witness had to see, hear and know the things about which he or she testified; the accuracy of the witness's memory; his or her candor or lack of candor; and his or her intelligence or the lack thereof; and, the reasonableness and probability of his or her testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

If you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with care. Keep in mind, though, that it does not

- 10 -

automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons participating in an event or witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail, and whether the discrepancy results from innocent error or from intentional falsehood.

You are not limited to just the factors I have mentioned.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  Always remember that in assessing a witness's testimony, you should use your common sense, your good judgment, and your own life experience.

## TESTIMONY OF A POLICE OFFICER

Some of the testimony that you have heard has been the testimony of a police officer.  The testimony of a police officer is entitled to no greater and no lesser weight than any other witness's

testimony.  A police officer who takes the witness stand subjects his testimony to the same

examination and the same tests that any other witness does.  When you consider a police officer's

testimony, you should use the same tests for truthfulness that you use with other witnesses.


## IMPEACHMENT OF A WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing

that the witness testified falsely concerning a matter, or by evidence that at some other time the

witness said or did something inconsistent with the witness's present testimony.  It is your

exclusive province to give the testimony of each witness such credibility or weight, if any, as you

think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact

in deciding what credence you will attach to that witness's testimony.  Considering that fact and

all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or

in part.

In making this determination, you may consider whether the witness purposely made a

false statement or whether it was an innocent mistake; whether the inconsistency concerns an

important fact, or whether it had to do with a small detail; and whether the witness had an

explanation for the inconsistency, and whether that explanation made sense to you.


## CLAIMS PURSUANT TO 42 U.S.C. § 1983

Now, let me turn to the specific claims in this case.  Mr. Anamasi has brought his claims in

this lawsuit under Section 1983 of Title 42 of the United States Code, which I will simply refer to as "Section 1983." Section 1983 provides that a person may seek damages against anyone, who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or the laws of the United States.

A Section 1983 claim has four elements. In order to prove a claim under Section 1983 against a defendant, a plaintiff must prove, by a preponderance of the evidence, each of the following four elements:

1) that the defendant acted under the color of state law;

2) that the plaintiff was deprived of one or more of his rights secured by the Constitution or laws of the United States;

3) that the defendant committed the acts that caused the plaintiff to be subjected to the deprivation of his rights; and

4) that the acts that violated the plaintiff's rights were the proximate cause of damages sustained by him.

A plaintiff may not recover on a Section 1983 claim against a defendant unless he has proven by a preponderance of the evidence each of these elements, which I will now address in detail.

## A. FIRST ELEMENT OF A § 1983 CLAIM: UNDER COLOR OF STATE LAW

In order to prove the first element of a Section 1983 claim, a plaintiff must prove that a defendant was acting under the color of state law or authority, in this case the authority of the

- 13 -

State of Connecticut.  Acting under color of law simply means that the activities at issue occurred

while the defendant was performing official duties.   No one disputes that the defendant was

acting under color of state law in this case.  Therefore, the first element of the plaintiff's Section

1983 claim has been established by agreement of the parties.

B.  SECOND ELEMENT OF A SECTION 1983 CLAIM: DEPRIVATION OF
CONSTITUTIONAL RIGHT

In order to prove the second element of a Section 1983 claim, the plaintiff must prove that

he was deprived of a right protected by the Constitution or laws of the United States.  The

plaintiff alleges that the defendant deprived him of his federal constitutional rights by arresting him

without probable cause and by using excessive force during the arrest.

ARREST WITHOUT PROBABLE CAUSE

Under the United States Constitution, no person may be arrested without probable cause

for such an arrest.  This means that a police officer must have information that would lead a

reasonable officer to conclude that the person being arrested has committed or is about to commit

a crime, whether in the police officer's presence or otherwise.

Mr. Anamasi was arrested for interfering with an officer, in violation of Conn. Gen. Stat. §

53a-167a.  That statute provides that:

(a) A person is guilty of interfering with an officer when such person obstructs, resists,

hinders or endangers any peace officer or firefighter in the performance of such peace

officer's or firefighter's duties.

(b) Interfering with an officer is a class A misdemeanor.

Conn. Gen. Stat. § 53a-167a.

If you find that the plaintiff has proven by a preponderance of the evidence that Officer

Coughlin arrested Mr. Anamasi without probable cause to believe that he had violated this statute,

then you must find that Officer Coughlin violated the plaintiff's constitutional rights. If you find

that Officer Coughlin did have probable cause to arrest Mr. Anamasi for a violation of this statute,

then you must find that that Officer Coughlin did not violate the plaintiff's constitutional rights.

EXCESSIVE FORCE

Under the United States Constitution, every citizen has the right to be free from the use

of excessive force while being taken into custody. A person, even if lawfully detained, has a

constitutional right to be free from the use of excessive force. On the other hand, a police officer

is entitled to use such force as is reasonable in light of the circumstances and dangers facing him

at the time of the encounter with a citizen. Connecticut law states that a police officer is justified

in using physical force upon another person when and to the extent it is reasonably necessary to

take a person into custody, or to defend the officer or a third person from the use or imminent use

of physical force by another. The reasonableness of a particular method of taking a person into

custody must be judged from the perspective of a reasonable officer on the scene, rather than with hindsight. Your assessment of reasonableness must allow for the fact that officers are often forced to make split-second judgments, in circumstances that are tense, uncertain, and rapidly evolving, about the appropriate steps, including the amount of force, necessary in a particular situation. In this vein, I must caution you that not every push, pull, or shove, even if it may later seem unnecessary in the peace of a courtroom, violates the Constitution.

The plaintiff claims that Officer Coughlin used excessive force during the arrest. In determining whether Officer Coughlin took the plaintiff into custody in a manner that violates the Constitution, that is whether the force employed was unreasonable, you should consider all the facts that you find to have been proven in the case, including whether the plaintiff appeared to pose, from the view of an objective officer, an immediate threat to the safety of the defendant or others; the need, if any, for particular tactics, including the application of force; the relationship between the need and the amount of force that was used; and the extent of any injury inflicted. You must determine whether Officer Coughlin's conduct was objectively reasonable by balancing the nature and quality of the intrusion on the plaintiff's interest to be free from excessive force against the interest of the police in taking the plaintiff into custody in the particular manner it was done.

If you find that the plaintiff has proven by a preponderance of the evidence that Officer Coughlin used excessive force in taking him into custody, then you must find that Officer Coughlin violated the plaintiff's constitutional rights under the Fourth Amendment. If you find that Officer Coughlin used reasonable force in taking the plaintiff into custody, then you must find

that Officer Coughlin did not violate the plaintiff's constitutional rights.

## D.  THIRD ELEMENT OF A SECTION 1983 CLAIM:  CAUSATION

In order to prove the third element of a Section 1983 claim, a plaintiff must prove that the police officer's conduct was the cause of a constitutional deprivation by the defendant.  In other words, the plaintiff must establish a causal connection between the defendant's act and the deprivation of rights that I have described to you.  If you find that there was a constitutional violation, but it was not caused by the conduct of Officer Coughlin, then the plaintiff has failed to establish the third element of his claim.  If you find that there was a constitutional violation and it was caused by the conduct of Officer Coughlin, then you should proceed to consider the fourth element.

## E.  FOURTH ELEMENT OF A SECTION 1983 CLAIM: PROXIMATE CAUSE OF INJURY

If you find that the plaintiff has proven that the defendant deprived him of a constitutional right in any of the ways he has alleged, then, for each deprivation of right you find, you should decide if the plaintiff has proven the fourth element of a Section 1983 claim—that the unlawful act that deprived the plaintiff of his rights was the proximate cause of an injury suffered by him.

An injury is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury, and that injury was either a direct result or a reasonably probable consequence of the act or omission.

This does not mean that the law recognizes only one proximate cause of an injury, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time either independently or together, to cause injury; and in such a case, each may be a proximate cause.

If you find that the plaintiff has proven by a preponderance of the evidence that any conduct of the defendant proximately caused his injury, then the plaintiff has proven the fourth and final element of the Section 1983 claim.


## DAMAGES

If, after deliberating, you decide that the plaintiff has proven each element of his claim, then you should turn to the issue of damages for the claim or claims you have found the plaintiff to have proven. The fact that I charge you on the law governing damages should not be taken as a suggestion that you should necessarily reach the question of damages. It is your function to decide the issue of liability; I am instructing you on elements of damages only so that you will have guidance should you decide that the plaintiff is entitled to recover damages on any claim. You should not consider the question of damages unless and until you find the defendant liable to the plaintiff on one or both of his claims.

You should award damages only for those injuries caused by the conduct you find satisfies the elements of a Section 1983 claim, in accordance with these instructions.

There are different types of damages. Let me now explain each type to you.

A.    COMPENSATORY DAMAGES

The first type of damages is called compensatory damages, the purpose of which is to award, as far as possible, fair and just compensation. If you decide for the plaintiff on the issue of liability on any claim, you must then fix the amount of damages that will reasonably and fairly compensate the plaintiff for any harm brought about by Officer Coughlin's acts that give rise to liability on that claim. These damages are known as compensatory damages. Compensatory damages seek to make a plaintiff whole—that is, to compensate for the damages that he suffered. These damages may include pain and suffering.

The problem of estimating damages in a case of this sort is not easy. You are not at liberty to guess or infer what the damages are. You must use your best judgment, remembering always that it is incumbent upon the plaintiff, even if you find that he is entitled to recover, to prove by a fair preponderance of the evidence the amount of the damages to which he is entitled.

Generally speaking, in order to award compensatory damages for a given injury or harm, you must find that the plaintiff has proven by a preponderance of the evidence that the claimed injury or harm was caused by the defendant. The plaintiff may recover fair, reasonable, and just compensation for only those elements of damage he has proven were caused by the acts of the defendant that satisfied the elements of the plaintiff's claim. Actual damages must not be based on speculation or sympathy. Nor may damages be based on the abstract "value" or "importance" of a constitutional right. Damages must be based on the evidence at trial. On the other hand, the law does not require the plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

- 19 -

There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. This is a matter that is left to the conscience, good sense, and sound judgment of the jury. You should not act unreasonably through bias, passion, or sympathy, but rather should exercise common sense and fix an amount of damages, that, in accordance with the evidence and the law, will fairly compensate the plaintiff for any injuries suffered by conduct that violated Section 1983.

You must bear in mind at all times that the burden is on Mr. Anamasi to prove that any claimed element of damages was a proximate consequence of a proven wrongful act, as well as to prove the reasonable amount with respect to any such element of damage.

B.    NOMINAL DAMAGES

A second type of damages is called nominal damages. If you find that the plaintiff has proven a claim against the defendant, but you find that the plaintiff suffered no injury, you must award the plaintiff what are called "nominal damages."

"Nominal damages" are awarded as recognition that a plaintiff's rights have been violated. You would award nominal damages if you conclude that the plaintiff's rights were violated, without any resulting compensatory damages. You should also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in speculation or guesswork.

You may not award both nominal and compensatory damages to the plaintiff; either the plaintiff was measurably injured, in which case you must award compensatory damages, or he was

- 20 -

not or you can not reasonably calculate such damage, in which case you should award nominal damages.

"Nominal damages" are a token sum, such as ten dollars.

### C.    PUNITIVE DAMAGES

If you find that the plaintiff has proven a Section 1983 claim against the defendant and you award compensatory or nominal damages to the plaintiff for any such claim, then you must decide whether the plaintiff is entitled to an award of punitive damages.

The law permits the jury, under certain circumstances, to award an injured person punitive damages, in order to punish the wrongdoer for some extraordinarily wrongful conduct, and to serve as a warning to others not to engage in such conduct. Punitive damages, when appropriate, are intended to protect the community and to be an expression of the jury's indignation at the misconduct. Whether you decide to award punitive damages against the defendant should be based on whether you find that he engaged in either:

(1)    Willful or malicious violation of the plaintiff's rights; or

(2)    Wanton behavior, that is, the reckless disregard of whether his actions were in violation of the plaintiff's rights.

By malicious or willful, I mean that the defendant's actions were inspired by a purpose to do the plaintiff harm, and that the defendant had an intent to bring about such a result. In determining whether the defendant's conduct was malicious or willful, you must consider what he did in light of all the circumstances, for malice and willfulness are often not susceptible of proof

- 21 -

by direct evidence, but may be found as an inference reasonably drawn from all the facts. I said to you also that the plaintiff is eligible for punitive damages where the defendant's acts are wanton, and by that I mean a reckless disregard of the consequences that might follow from such acts. Whether you decide to award any punitive damages is entirely within your discretion.

If you decide to award punitive damages, then in determining the appropriate sum of money to be awarded as punitive damages you should consider the degree to which the defendant should be punished for wrongful conduct, and the degree to which an award of one sum or another will deter a defendant, or others like him, from committing wrongful acts in the future.

If you determine from the evidence presented in the case that the defendant's conduct justifies an award of punitive damages, you may award an amount of punitive damages against that defendant that all jurors agree is proper. In fixing the amount, you should consider the following questions: How offensive was the conduct? What amount is needed to prevent repetition? Does the amount have a reasonable relationship to the actual damages awarded?

Remember that the plaintiff has the burden of proving, by a preponderance of the evidence, that the defendant acted with malice, willful, wanton, or reckless disregard for the plaintiff's rights. If he does not, then you should answer "No" to the question concerning punitive damages.

The decision whether to award punitive damages is yours alone. If you do award punitive damages, you should fix the amount using calm discretion and sound reason. You must not be influenced by sympathy for or dislike of any party in the case.

At this point we will interrupt the instructions to hear closing arguments of counsel. I will conclude the instructions after those summations. Remember, what the lawyers say in their closing arguments is not evidence, but it is merely argument about what the evidence shows.

## CLOSING REMARKS

Let me now say a few words about your deliberations.

When you retire to the jury room, it is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so. Each of you must decide the case for yourself, but you should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors. You should not deliberate except when all jurors are present.

It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your own opinions from time to time and to change them if you are convinced that they are wrong. However, do not surrender an honest conviction about the weight and effect of the evidence simply to arrive at a verdict.

Remember that your verdict must be unanimous. If you take a vote during deliberations and not all jurors agree, then you have not reached a final decision one way or another and should continue to deliberate.

Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else. Closing arguments, or other statements or arguments of counsel, are not evidence. If your recollection differs from the way counsel has

stated the facts, then your recollection controls.

You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not rely on your notes if they conflict with your independent recollection of the evidence. If you did not take notes, you should rely on your own recollection of the proceedings and should not be unduly influenced by the notes of other jurors.

The instructions that I gave you at the beginning of the case about outside influences apply during your deliberations. Do not discuss this case with anyone outside the jury deliberation room, even with your fellow jurors. Also, do not read or listen to any outside information about the case during your deliberations. And do not try to do any research or make any investigation. And, of course, continue to refrain from speaking to the parties, their attorneys, the witnesses, and me. Remember at all times that you are not partisan. Rather, you are the judges of the facts, and your sole interest is to seek the truth from the evidence in this case.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience. Focusing on the questions set forth in the verdict form will assist you in your deliberations. You must complete and return the verdict form in court when you have reached your decision. You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached unanimous agreement on your verdict, you will have your foreperson fill in your answers, date and sign the verdict form. Then inform the court security officer or clerk that you have reached a verdict.

The verdict form must be used only in connection with the charge I have just given to you. The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the special verdict form. As you will see when you retire to the jury room, the form consists of several questions. Most questions call for either a "yes" or "no" answer or a monetary amount. Answer each question as it appears and only those questions. As you review the form, you will see that there are instructions printed in *italicized print* after each question. Please read these instructions and follow them carefully. Depending on your answer to a particular question, it may not be necessary to answer a later question. The *italicized instructions* will guide you through the verdict form.

You are about to go into the jury room to begin your deliberations. Please wait to begin deliberations until the deputy clerk brings the verdict form and exhibits in to you. It will take a few minutes to gather the exhibits. If you want any of the testimony read, you must request that. Please remember that it is not always easy to locate what you might want. It can take a long time to find it, so please consider that. If you feel you really need testimony read back, be as specific as possible in your request.

Any communication with the court should be made to me in writing, signed by your foreperson, and given to the court security officer seated outside the jury room. If you send out a question, I will consult with the parties before answering it, which may take some time. You may, if you can, continue your deliberations while waiting for the answer to any question. I will

- 25 -

respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that, in your communications with the court, you should never indicate in any way how the jury stands, numerically or otherwise. Never disclose any vote count in any note to the court.

It is proper to add a final caution. Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

This completes my instruction to you. Thank you for your service so far and thank you in advance for your careful and thoughtful deliberations.